United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE ARDEN VAN UPP,

Plaintiff,

v.

IN RE ARDEN VAN UPP,

Defendant.

_______________________________________/

No. C 11-04408 SI

**ORDER AFFIRMING BANKRUPTCY COURT ORDER DENYING DISMISSAL**

Debtor Arden Van Upp appeals an order of the United States Bankruptcy Court denying her motion to dismiss her Chapter 11 bankruptcy case. After consideration of the record and the papers submitted by the parties, the Court AFFIRMS the Bankruptcy Court's denial of appellant's motion to dismiss.

**BACKGROUND**

This is the most recent of a number of disputes the Court has heard regarding Ms. Van Upp's bankruptcy case. In this motion, debtor appeals the Bankruptcy Court's order denying her most recent motion to dismiss. Debtor moved to dismiss the case on the ground that "it is in the best interest of the creditors, the estate, and the debtor. All debts have been paid and there is no legitimate reason to keep the estate open." Mem. of P. & A. Supp. Mot. for Order Dismissing Chapter 11 Case, Dkt. No. 10 at 9. The Bankruptcy Court's order is based on "reasons stated on the record at the [August 12, 2011]

United States District Court
For the Northern District of California

hearing, which reasons shall constitute the court's findings of fact and conclusions of law." Order Den. Debtor's Mot. To Dismiss, Dkt. No. 1, Attach. 4. At the referenced August 12 hearing, the following exchange occurred between debtor's attorney (Mr. Sinclair) and the Court:

> Mr. Sinclair [debtor's attorney]: [. . .] the Court shall dismiss the case unless they show any unusual circumstances establishing dismissal is not in the best interests of the creditor or the estate. And in this instance there's no reason to continue this case.
>
> The Court: Yes, there is. The debtor's litigiousness about everything is unusual circumstances, if it's required.

Friday, August 12, 2011 Transcript of Proceedings, Dkt. No. 10 at 985. The Bankruptcy Court thus found that debtor's litigiousness constituted "unusual circumstances" warranting denial of her motion. *See* 11 U.S.C. § 1112(b)(2) ("The court may not . . . dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate.").

The history of debtor's activity before this Court and the Bankruptcy Court is relevant to the Bankruptcy Court's order that is here on appeal.[1] Debtor filed a voluntary petition for Chapter 11 bankruptcy on July 10, 2009. At the time debtor filed for bankruptcy, her estate included three real properties located in San Francisco: one located at 2550 Webster Street ("Webster Street Property"), one located at 2807-2809 Steiner Street ("Steiner Street Property"), and one located at 1019 Ashbury Street ("Ashbury Street Property"). The Bankruptcy Court entered an order directing the appointment of a chapter 11 trustee on the basis of debtor's gross mismanagement of her financial affairs, and later approved the appointment of David A. Bradlow as trustee of debtor's bankruptcy estate. *See* Order Granting Motion For Rehearing And Amended Order Affirming The Bankruptcy Court at 3-7, In re Van Upp, No. 3:11-cv-00178-SI, Dkt. No. 27, 2011 WL 4949044 at *1 (N.D. Cal. Aug. 30, 2011).

The Bankruptcy Court made the following findings of fact regarding debtor's conduct between the trustee's appointment and January 2010:

> [A]fter the court appointed a chapter 11 trustee, Debtor interfered with the efforts of that Trustee to sell the Webster Street property, and to collect rents from the Ashbury Street

---

[1]An order issued by this Court on August 30, 2011 outlined the case's factual background, and it is reproduced here in relevant part. *See* Order Granting Motion For Rehearing And Amended Order Affirming The Bankruptcy Court at 3-7, In re Van Upp, No. 3:11-cv-00178-SI, Dkt. No. 27, 2011 WL 4949044 at *1 (N.D. Cal. Aug. 30, 2011).

> and Steiner Street properties. Declarations filed by Trustee and his counsel indicate that Debtor: (1) refused to turn over legible or complete rent rolls to the Trustee; (2) refused to turn over keys to the Steiner Street gate and front door, forcing the Trustee to engage a locksmith replace the locks; (3) deposited rents into her daughter's checking account, returned those rents to Trustee only upon threat of a turnover motion, and never provided an accounting of the rents in question; (4) ordered workmen who were trying to repair Webster Street's severely dilapidated roof and back wall to leave the premises; (5) authorized a man (Petrizze) to live on the Webster property without a lease and defended him at eviction proceedings after having told the Trustee that Petrizze had no authority to live on the property; (6) failed to collect half of the scheduled $36,000 in rents for September and October 2009; and (7) after the Trustee's appointment, directed a tenant to pay rent to Debtor via an alias. When Trustee filed a motion to approve procedures for the sale of the Webster Street property, Debtor brought a motion to dismiss the chapter 11 case, which the court denied. . . . In addition to these acts, after Trustee's appointment and without any authorization by Trustee or this court, Debtor withdrew $40,000 cash from estate bank accounts.

*Id*.

In 2010 and 2011, debtor filed six appeals and original proceedings in the district court, including a civil complaint against trustee for financial elder abuse, breach of fiduciary duty, and negligence. All were dismissed by this Court for failure to prosecute, for lack of adequate cause, or for lack of jurisdiction.[2] Another individual, Samuel Sloan, filed a motion in the Bankruptcy Court to remove trustee, a motion for withdrawal of reference, and four appeals of multiple orders of the Bankruptcy Court that were each dismissed for lack of standing.[3]

Sloan describes himself in Bankruptcy Court filings as a "close personal friend of Arden Van Upp" who resided at the Webster Street property from 1991 until sometime after debtor filed for bankruptcy. *See Id.* at *2. The Bankruptcy Court described Sloan as "an officious . . . meddler, to say the least," declared him to be a vexatious litigant on debtor's motion, and imposed a filing injunction against him in the bankruptcy case. *Id*. The Bankruptcy Court also found that Sloan "at all relevant times had very close connections with the debtor." *Id*.

---

[2] *See* Cases No. 10-01431 SI, 10-01699 SI, 10-02616 (appeals of bankruptcy case filed by debtor, dismissed for failure to prosecute); Case No. 10-01934 SI (motion to withdraw reference filed by debtor, denied for lack of adequate cause); Case No. 10-2559 SI (civil complaint filed by debtor against trustee, dismissed for lack of jurisdiction).

[3] *See* Motion (Bankr. Doc. 278); Case No. 10-01149 SI (motion for withdrawal of reference filed by Samuel Sloan, opened in error as a district court case); Cases No. 10-00204 SI, 10-00396 SI, 10-00577 SI, 10-00578 SI (appeals of bankruptcy case filed by Samuel Sloan, dismissed for lack of standing).

Over the course of the bankruptcy proceedings, debtor has repeatedly attempted to have her case dismissed.[4] At one point, the Bankruptcy Court issued a conditional dismissal, upon debtor's former counsel's "representation that all disputes would be resolved by withdrawal of notices of appeal" and that "debtor wished to . . . stop the litigation and provide for the payment of all claims, including administrative claims." *Id.* at *3. At a December 2010 hearing, however, the Bankruptcy Court found that the conditional dismissal was "not really relevant anymore, because the conditions that attach to it are unlikely ever to be fulfilled," given that debtor dismissed the attorney who had made those representations, and that she made "a 180-degree change in the course of conduct that he indicated the debtor would follow." *Id.*

After having explained that the conditional dismissal order was no longer relevant, the Bankruptcy Court noted the unusually litigious circumstances of the case:

> [W]e are in the kind of case where there is a lot of litigation, where orders that have been entered by the Court are subject to appeal. Where – in which the trustee is defending orders entered at the request of the trustee and that have been on motions that have been granted by this Court.
>
> And it is just axiomatic that the estate funds may be used to defend orders entered in motions made by the trustee that have been granted by the Court.
>
> Now there's a lot of money being spent in this case, it's true. And it's money that could otherwise go to the debtor, that's true. But the money is being – all that money is being spent. The fees are [being] incurred, because the debtor is unduly contesting things, is contesting matter, after matter, after matter.
>
> Now the debtor can do that, but the debtor can't – has no right to have the trustee not defend orders that have been entered by the Court. The trustee is really – the debtor is really spending her own money.

*Id* at *3-4.

When granting the trustee reimbursement for legal fees resulting from related litigation the Bankruptcy Court further noted that "the trustee has not created this situation. The debtor has.

---

[4] She has also moved for the dismissal of trustee. In a July 2010 Order denying debtor's June 2010 motion, the Bankruptcy Court explained that

> not all creditors have been paid. Debtor has filed appeals that Trustee must defend. Debtor has filed a lawsuit that Trustee must defend. Trustee may be entitled to be reimbursed by the estate for fees and costs incurred in those disputes. This court is not [confident] that Debtor can be trusted to preserve and manage the funds of the estate pending the outcome of those disputes. Based on Debtor's conduct in this case, this court is not confident that Debtor would obey orders that this court might enter directing her to use such funds to pay fees of Trustee and his professionals.

Order Granting Motion For Rehearing And Amended Order Affirming The Bankruptcy Court at 3-7, In re Van Upp, No. 3:11-cv-00178-SI, Dkt. No. 27, 2011 WL 4949044 at n.4 (N.D. Cal. Aug. 30, 2011)

**United States District Court**
For the Northern District of California

Everything I've seen in this case so far indicates that the trustee has acted efficiently and in every respect properly. And I see no reason why the – why the trustee and the trustee's counsel should suffer a financial loss in addition to the – to the abuse that's being piled on them. The fees are – are allowed, and you may submit orders." *Id* at *4.

The Bankruptcy Court denied debtor's motion to dismiss her Chapter 11 case on August 12, 2011. The debtor, now acting *pro se,* filed a brief appealing the order with this Court on March 27, 2012. Appellee filed an opposition on April 13, 2012.

**LEGAL STANDARD**

A bankruptcy court's conclusions of law, including its interpretation of the Bankruptcy Code, are reviewed de novo. *In re S. Cal. Sunbelt Developers, Inc.*, 608 F.3d 456, 461 (9th Cir. 2010). A bankruptcy court's findings of fact are reviewed for clear error. *Higgins v. Vortex Fishing Systems, Inc.*, 379 F.3d 701, 705 (9th Cir. 2004); *In re Compton Impressions, Ltd.*, 217 F.3d 1256, 1260 (9th Cir. 2000); Fed. R. Bankr. P. 8013 (When on appeal "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."). "A factual finding is clearly erroneous if the appellate court, after reviewing the record, has a definite conviction that a mistake has been made. If two views of the evidence are possible, the trial judge's choice between them cannot be clearly erroneous. *In re Beauchamp,* 236 B.R. 727, 729-30 (B.A.P. 9th Cir. 1999) aff'd, 5 F. App'x 743 (9th Cir. 2001).

A bankruptcy court's discretionary decisions are reviewed for abuse of discretion. *See In re Sherman*, 491 F.3d 948, 969 (9th Cir. 2007) ("we review a bankruptcy court's decision to grant or deny a motion to dismiss for misconduct that constitutes 'cause' for abuse of discretion"); *In re Price,* 353 F.3d 1135, 1138 (9th Cir. 2004) (In a Chapter 7 case, the court "review[s] a bankruptcy court's decision to dismiss a case for abuse of discretion.").

**DISCUSSION**

The Bankruptcy Court made a finding of fact that debtor's litigiousness constitutes an "unusual circumstance" affecting the best interests of the creditors and the estate; as a finding of fact, this decision is reviewed for clear error. The decision to deny debtor's motion due to this unusual circumstance was an exercise of judicial discretion and is reviewed for abuse of discretion.

## I. The Court's Finding Was Not Clearly Erroneous

Findings of fact are reviewed for clear error. A finding is "'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Further, the Federal Rules of Bankruptcy Procedure caution that "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013. Bankruptcy courts have wide discretion in determining whether there are unusual circumstances that preclude dismissal. *See, e.g.*, *In re New Towne Dev.*, LLC, 404 B.R. 140, 147 (Bankr. M.D. La. 2009) (where debtor's reorganization potential was uncertain given fevered litigation and a management deadlock, the Court stated that "courts have much discretion in determining whether there are unusual circumstances that weigh against conversion or dismissal"); *In re Pittsfield Weaving Co.*, 393 B.R. 271, 274 (Bankr. D.N.H. 2008) (finding, among other things, a potential agreement between the debtor and another party that could help reorganization efforts to be an unusual circumstance).

The Court holds that the Bankruptcy Court was not clearly erroneous in finding that Appellee's litigiousness constituted an unusual circumstance under 11 U.S.C. § 1112(b)(2). Debtor's proclivity for litigation could sufficiently support the belief that dismissal would not be in the best interest of the creditors and the estate. Given the extensive litigation history related to the present bankruptcy case, the Bankruptcy Court's finding fits safely within this high standard of review. Additionally, the Bankruptcy Court's considerable experience with debtor suggests unique knowledge relevant to the finding and cautions deference from this Court.

United States District Court
For the Northern District of California

## II. The Bankruptcy Court Did Not Abuse Its Discretion

Given that debtor's litigiousness properly constitutes an unusual circumstance in context of these proceedings, this Court now reviews the Bankruptcy Court's decision to deny the motion to dismiss for abuse of discretion. *See In re Sherman*, 491 F.3d 948, 969 (9th Cir. 2007). The guiding statute, 11 U.S.C. § 1112(b)(2), provides in relevant part: "The court may not. . . dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate." The Bankruptcy Court's experience with the debtor over the many years of these proceedings established that the debtor was unwilling and unable to manage the financial affairs of the estate in the interests of the creditors or the estate, and, to the contrary, was quite willing to cause the dissipation of estate assets through the continued pursuit of unproductive litigation. The Bankruptcy Court did not abuse its discretion in denying the motion to dismiss; it conformed to statutory instruction.

## CONCLUSION

In accordance with the discussion set forth above, the Bankruptcy Court order denying dismissal is AFFIRMED.

**IT IS SO ORDERED.**

Dated: July 23, 2012

Susan Illston

SUSAN ILLSTON
United States District Judge